United States Bankruptcy Court
Eastern District of Pennsylvania

In re:  
Karen L. Catanzaro  
    Debtor

Case No. 17-17405-ref  
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0313-4     User: admin     Page 1 of 2     Date Rcvd: Feb 09, 2018  
                    Form ID: 318     Total Noticed: 22

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 11, 2018.

```
db         +Karen L. Catanzaro,    1504 Alsace Road,    Reading, PA 19604-1860
smg        +Bureau of Audit and Enforcement,    City of Allentown,    435 Hamilton Street,
             Allentown, PA 18101-1603
smg         City Treasurer,    Eighth and Washington Streets,    Reading, PA  19601
smg        +Lehigh County Tax Claim Bureau,    17 South Seventh Street,    Allentown, PA 18101-2401
smg        +Tax Claim Bureau,    633 Court Street,    Second Floor,    Reading, PA 19601-4300
14007546    CARRINGTON MORTGAGE SERVIC,    PO Box 54285,    Irvine, CA 92619-4285
14007549   +Diamond Credit Union,    1600 Medical Drive,    Pottstown, PA 19464-3242
14007551   +Nanci Weber, Esq.,    261 Old York Rd, Suite 302 A,    Jenkintown, PA 19046-3712
14007552   #+Reading Anesthesia Associates, Ltd.,    301 S. 7th Ave., Suite 235,
             West Reading, PA 19611-1453
14007553    Reading Health Systems,    c/o Reading Hospital,    P.O. Box 16052,    Reading, PA 19612-6052
14007554   +Reading Surgical Associates, P.c.,    2603 Kaiser Blvd,    Reading, PA 19610-3341
14007556   +Tri-County Area FCU,    1550 Medical Drive,    Pottstown, PA 19464-3225
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
tr         +EDI: QRHHOLBER.COM Feb 10 2018 01:28:00      ROBERT H. HOLBER,    Robert H. Holber PC,
             41 East Front Street,    Media, PA 19063-2911
smg        +E-mail/Text: robertsl2@dnb.com Feb 10 2018 01:35:43      Dun & Bradstreet, INC,
             3501 Corporate Pkwy,    P.O. Box 520,    Centre Valley, PA 18034-0520
smg         E-mail/Text: RVSVCBICNOTICE1@state.pa.us Feb 10 2018 01:35:10
             Pennsylvania Department of Revenue,    Bankruptcy Division,    P.O. Box 280946,
             Harrisburg, PA  17128-0946
smg        +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Feb 10 2018 01:35:50      U.S. Attorney Office,
             c/o Virginia Powel, Esq.,    Room 1250,    615 Chestnut Street,    Philadelphia, PA 19106-4404
14007548    EDI: WFNNB.COM Feb 10 2018 01:28:00      COMENITYBANK/BONTON,    PO Box 182789,
             Columbus, OH  43218-2789
14007547    EDI: CHASE.COM Feb 10 2018 01:28:00      Chase,    P.O. Box 15298,    Wilmington, DE  19886-5153
14007550   +EDI: MERRICKBANK.COM Feb 10 2018 01:28:00      MERRICK BANK,    POB 1500,    DRAPER, UT 84020-1500
14008058   +EDI: PRA.COM Feb 10 2018 01:28:00      PRA Receivables Management, LLC,    PO Box 41021,
             Norfolk, VA 23541-1021
14007555    EDI: RMSC.COM Feb 10 2018 01:28:00      SYNCB/CARE CREDIT,    PO Box 965036,
             Orlando, FL 32896-5036
14008289   +EDI: RMSC.COM Feb 10 2018 01:28:00      Synchrony Bank,    c/o PRA Receivables Management, LLC,
             PO Box 41021,    Norfolk, VA 23541-1021
                                                                                              TOTAL: 10
```

           ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.  
While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 11, 2018                                                                                 Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 8, 2018 at the address(es) listed below:

```
          KEVIN G. MCDONALD    on behalf of Creditor    Bank of America, N.A. KMcDonald@blankrome.com
          MATTEO SAMUEL WEINER    on behalf of Creditor    Bank of America, N.A. bkgroup@kmllawgroup.com
          ROBERT H. HOLBER    trustee@holber.com, rholber@ecf.epiqsystems.com
          STEPHEN MCCOY OTTO    on behalf of Debtor Karen L. Catanzaro steve@sottolaw.com,
           info@sottolaw.com,no_reply@ecf.inforuptcy.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
```

```
District/off: 0313-4          User: admin              Page 2 of 2              Date Rcvd: Feb 09, 2018
                              Form ID: 318             Total Noticed: 22
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system (continued)
                                                                                                TOTAL: 5

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Karen L. Catanzaro** | Social Security number or ITIN **xxx–xx–6359** |
| | First Name    Middle Name    Last Name | EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name    Middle Name    Last Name | Social Security number or ITIN _ _ _ _ |
| | | EIN _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court    **Eastern District of Pennsylvania**

Case number:  **17–17405–ref**

## Order of Discharge                                                                                                             12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Karen L. Catanzaro

2/8/18                                                                                           **By the court:**    Richard E. Fehling
                                                                                                                                    United States Bankruptcy Judge

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

<br>

Official Form 318                                         **Order of Discharge**                                               page 1

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Official Form 318    **Order of Discharge**    page 2